```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SARA GOLDRING WAISBIOT,<br><br>        Plaintiff,<br><br>    -v-<br><br>JEFFERIES LLC,<br><br>        Defendant. | 25-cv-3606 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

Before the Court is defendant Jefferies LLC's motion to stay this action. The motion is now fully briefed. See ECF Nos. 23, 24, 26, 28. Plaintiff Sara Goldring Waisbiot ("Goldring") opposes Jefferies' motion to the extent that it seeks a stay pending the conclusion of criminal proceedings against Goldring in Uruguay, but she joins Jefferies' motion to the extent that it seeks a stay pending the conclusion of related proceedings in the United States District Court for the District of Columbia. See ECF No. 26 at 1, 16.

The Court hereby grants the unopposed prong of Jefferies' motion and stays this action until the United States District Court for the District of Columbia rules on the Department of Justice's application to enforce and register a foreign restraining order in the matter captioned In re All Assets Held in Account Jw3083094 in the Name of Carinalli, S.A. at Jefferies, LLC, et al., No. 25 Misc. 96 (D.D.C.). The stay will automatically terminate upon the issuance of the district court's ruling in that matter; that is, the stay does not extend to any appellate proceedings that may ensue.

1

Of course, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

Staying this action pending the completion of the proceedings in the District of Columbia is appropriate because the outcome of those proceedings may affect Goldring's requests for injunctive relief and monetary damages in this Court. See ECF No. 24 at 14-16; ECF No. 26 at 16. Specifically, the relevant portion of the Department of Justice's application seeks an order freezing Goldring's accounts at Jefferies that, if issued, would moot Goldring's request for injunctive relief here. Moreover, the quantum of damages to which Goldring may be entitled in this action may also depend on the outcome of the proceedings in the District of Columbia. See id. at 15. And the proceedings in the District of Columbia generally share common issues of fact and law with the instant action, such as whether Goldring is the rightful owner of the funds in her accounts at Jefferies and whether Jefferies improperly refused to release those funds. See ECF No. 24 at 14-16. Accordingly, and for the reasons set forth at greater length in the parties' papers, the Court concludes that a stay promotes judicial economy, does not prejudice Goldring, avoids burdening Jefferies with unnecessary litigation, and serves the public interest. See ECF No. 24 at 14-16; ECF No. 26 at 16; Bushnell v. Islamic Emirate of Afghanistan, No. 22 Civ. 8901, 2023 WL 3569776, at *1 (S.D.N.Y. May 18, 2023).

The Court hereby reserves judgment on the opposed prong of Jefferies' motion, which seeks a further stay until such time as the criminal proceedings brought by Uruguayan authorities against Goldring have run their course. See ECF No. 24 at 1-13. Whether such a stay is merited will depend, at least in part, on the outcome of the proceedings in the District of Columbia and the status of the criminal proceedings in Uruguay at the time that the proceedings in the District of Columbia conclude.

The Clerk of Court is respectfully directed to close the motion at docket entry 23 and to stay all deadlines and scheduled proceedings in this matter.

SO ORDERED.

New York, New York
August 25, 2025

JED S. RAKOFF, U.S.D.J.

3